NO. 07-07-0476-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JANUARY 16, 2009
______________________________


BENNY L. COLE, JR., 

                                                                                      Appellant

v.

THE STATE OF TEXAS, 

                                                                                      Appellee
_________________________________

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2007-415,498; HON. JIM BOB DARNELL, PRESIDING
                                      _______________________________

Memorandum Opinion
_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
          Benny L. Cole, Jr. (appellant) appeals his conviction for murder and asserts that the
trial court erred in excluding evidence concerning the victim’s propensity towards violence. 
That evidence encompassed proof that the victim had twice been arrested for domestic
violence, had been convicted of aggravated robbery, and purportedly had gang tattoos on
his body. Because of the court’s supposed error, appellant was allegedly prevented from
presenting a defense in violation of the United States Constitution. We disagree, overrule
the issues and affirm the judgment.
          That appellant stabbed his victim is undisputed. However, the act was purportedly
justified under the theory of self-defense, according to appellant. And, in effort to prove
that it was, appellant sought to present evidence of the victim’s propensity towards
violence. That way he could show that the victim was the first aggressor and that he
(appellant) was simply acting to protect himself. Moreover, appellant sought to use the
aforementioned evidence for that purpose. Yet, the evidence relating to the domestic
violence charges and gang tattoos was excluded. While this is true, the jury was allowed
to hear that the victim had been convicted of aggravated robbery. So too did the jury have
evidence before it describing how the decedent attacked appellant while the latter slept,
and how he kicked, hit, and threatened appellant with further violence during that episode. 
Also before the jury was evidence that the eventual decedent had a bad temper, the initial
attack had ended when a third party twice tried to remove the decedent from appellant’s
bedroom and into the kitchen of the house, that appellant was told to leave, that appellant
was leaving when the decedent again charged him, and that appellant then stabbed
decedent. 
          The decedent having beaten appellant while he slept then chased him to the door
as he tried to leave is certainly evidence establishing the decedent as the first aggressor. 
Indeed, the State conceded as much below. More importantly, no one disputed that the
victim attacked appellant as he slept or that he chased appellant to the door as appellant
tried to leave. Given this, the trial court may well have excluded the additional evidence
because it had no relevance apart from its tendency to prove the victim’s character
conformity. See Reyna v. State, 99 S.W.3d 344, 346-47 (Tex. App.–Fort Worth 2003, pet.
ref’d) (stating that because a victim’s unambiguous, violent or aggressive act needs no
explaining, evidence of the victim’s extraneous conduct admitted in conjunction with his
unambiguous act would have no relevance apart from its tendency to show the victim’s
character conformity, and thus would be inadmissible). And, we cannot say that such a
conclusion would have fallen outside the zone of reasonable disagreement. See id. at 346
(holding that the decision to admit or exclude evidence is erroneous if it evinces abused
discretion and that its discretion is so abused when the decision falls outside the zone of
reasonable disagreement). 
          In sum, appellant was not denied opportunity to present a defense. Nor did the trial
court abuse its discretion in excluding the evidence in question. Consequently, we affirm
the judgment of the trial court.
 
                                                                           Per Curiam
   Do not publish.



oth legally and factually insufficient to
support the verdict. This is allegedly so because Wall did not see appellant (but only his
acquaintance) draw a weapon, and the trial court did not submit a parties charge. We
overrule the issues.
          The record contains evidence that 1) two different caliber of shell casings (.40 and
.45) were found at the crime scene, 2) the casings were fired from two different guns, 3)
appellant’s girlfriend disclosed to the police a conversation she had with appellant wherein
he said he too began firing a weapon, and 4) appellant initially gave a voluntary statement
to police wherein he mentioned information unknown to the public. This evidence, when
viewed in the light most favorable to the verdict, was and is sufficient to allow the jury to
rationally conclude, beyond reasonable doubt, that appellant committed aggravated assault
as charged in the indictment. 
          In questioning the factual sufficiency of the evidence, appellant suggests his
colleague could have wielded both guns given the grouping of the shell casings. While it
might be possible for one person to have fired both firearms, the jury also could have
inferred lawfully from the evidence that each man carried and fired one. Furthermore,
appellant admitted that to his girlfriend. And, though his girlfriend not only gave conflicting
statements to police but also tried to blame the shooting on others, her credibility was for
the jury to resolve. In sum, we cannot say that the manner in which it resolved the
credibility issues and ultimately ruled is clearly against the weight of the evidence or
undermines our confidence in the verdict. The evidence is both legally and factually
sufficient.
          The judgment of the trial court is affirmed.
 
                                                                           Brian Quinn 
                                                                          Chief Justice 
Do not publish.